JOURNAL ENTRY and OPINION
Sua sponte, we remand this case to the trial court pursuant to App.R. 9(E) for a period of ten (10) days for it to enter judgment in this matter. The trial court journalized its October 25, 2000 entry before we journalized our October 19, 2000 decision. Ronnie M. Turner v. Progressive Corp. (October 19, 2000), Cuyahoga App. No. 77353/77568, unreported (Turner II). Although we use the announcement date October 19, 2000 in our citation, the case does not become law until ten days after announcement. See App.R. 22(B)(D), 26(A), and Local App.R. 22. Consequently, the trial court lacked jurisdiction to act on this matter until October 30, 2000 at which time the appeal time began to run.
We treat these cases for purposes of appeal as prematurely filed. See App.R. 4(C). However, we remand to the trial court to enter judgment accordingly, and we hold the appeal in abeyance for ten (10) days. This, of course, is an excellent opportunity for the trial court to comply not only with this order but this court's previous orders in Ronnie M. Turner v. The Progressive Corp. (October 28, 1999), Cuyahoga App. 76524, unreported (Turner I) and Turner II.
By so doing, the trial court must make written findings of the lodestar estimate by multiplying the hourly rate by the hours reasonably expended. Then, the trial court may, in its reasonable discretion, adjust that amount based on the numerated factors. See Turner I and II. We have consistently said the trial court must:
 [D]etermine the amount of the lodestar fee under the Northcross and Simmons cases aforesaid and to explain any deviations from the lodestar including the amount thereof and the reasons for the deviation in written findings. The award should include costs reasonably incurred. The court should likewise address an award for the time expended on the attorney fee application and fix a reasonable fee for the plaintiff's appellate efforts on both appeals. Only by such a route and deliniation can we fairly review the trial court's decision. (Emphasis added.)
Turner II, p. 9 and 10.
The trial court need not have a hearing, but it must make the findings. The trial court commented that the $18,000 in attorney fees would be ludicrous under the circumstances of the case ; this may be correct; however, the historical case law is pristine. The trial court must do the mathematics and find the lodestar; then, if it departs from the lodestar, it must provide a clear explanation as to why. Hensley v. Eckerhart (1983), 461 U.S. 424. To this date, the trial court has failed to do both.
Judgment remanded for further proceedings consistent with this opinion.
 ____________________ BLACKMON, J.:
JAMES D. SWEENEY, P.J., and TERRENCE O'DONNELL, J., CONCUR.